(24 Misc. Rep. 80.)

### In re TOWNSEND.

(Supreme Court, Special Term, Albany County. June, 1898.)

CORPORATIONS—ELECTION OF DIRECTORS—VALIDITY.

> Where the holders of 60 per cent. of the stock of a company were prevented from participating in an election of directors by the use of a temporary injunction afterwards dissolved, and the control of the company was obtained by a minority of the stockholders by the use of such injunction, the election will be set aside.

Application by Hiram E. Townsend to set aside an election of directors of the Kinderhook & Hudson Railway Company. Granted.

Countryman, Dubois & Bevans, for petitioner. ·
John Delahunty (L. F. Longley, of counsel), for respondent.

CHESTER, J. The petitioner, who is a stockholder of the Kinderhook & Hudson Railway, seeks by this application to have the election at the city of Hudson on the 12th day of April last of Charles D. Haines and others, as directors of that company, set aside. The application is made under section 27 of the general corporation law (chapter 687, Laws 1892), which provides that the supreme court shall, "upon the application of any person or corporation aggrieved by or complaining of any election of any corporation, * * * forthwith and in a summary way, hear the affidavits, proofs and allegations of the parties, * * * and establish the election or order a new election, or make such order and give such relief as right and justice may require."

Many grounds are urged in support of the application, but one of which—that the election was secured by the improper use of a temporary injunction—will be briefly considered. The Kinderhook & Hudson Railway was incorporated in 1895, it being a reorganization of the former Kinderhook & Hudson Railway Company. Under the plan of reorganization agreed upon, the interests of the stockholders of the old company not having been distinct from those of the bondholders, and the stock of such company never having had any value, 40 per centum of the stock of the new company was distributed pro rata among the bondholders, and the balance of 60 per centum thereof was registered in the name of and issued to the reorganization committee and their successors, with power to such committee, as stated in the plan, "of voting thereupon until such time, not to exceed five years from the date of the sale of the property, as the condition of the road shall in their judgment warrant the distribution thereof among the bondholders." The reorganization committee consisted of nine men, two of whom are now dead, and no successors to them have been appointed. All of the remaining members of the committee except two had, before the election in question, sold and transferred all the stock held by them in the new company as individuals. Prior to the election, Mr. Charles D. Haines brought an action to test the right of the reorganization committee to vote upon the 60 per centum of stock standing on the books of the company in their names. In this action Mr. Haines, on the 9th day of April, procured from a justice of this court an order that the Kinderhook & Hudson Railway and the seven surviving members of the reorganization committee show cause, at a special term to be held on the 14th day of April following, why an order should not be made restraining such individuals, during the pendency of the action, from voting as directors of the railway or as a committee of the bondholders thereof at any meeting of the stockholders of said railway on the 60 per cent. of stock held in trust by them under the plan of reorganization. The order, which was procured on an ex parte application, contained a temporary injunction restraining such seven surviving members from voting at the annual meeting of the stockholders advertised to be held on the 12th day of April, 1898,

upon the 60 per centum of stock held by them as trustees. The or-
der contained no provision with reference to an adjournment of the
meeting until after the hearing and determination on the order to
show cause. The injunction was not served until after the chairman
had called the annual meeting to order on the 12th. An effort was
then made by those who had been enjoined to adjourn the meeting,
and the chairman as a result of a viva voce vote, not participated in
by those friendly to the Haines interests, instead of a vote by shares,
declared the meeting adjourned. Whether this was a legal adjourn-
ment or not I deem it unnecessary to determine on this motion. The
shareholders acting with Haines, and in whose interest the injunc-
tion had been procured and used, after receiving the refusal of the
owner of the office where they were meeting to continue the meeting
there, proceeded across the street to an hotel, selected another chair-
man, appointed other inspectors of election, and proceeded to the
election of the directors whose election is sought to be vacated by this
application. None of the stock held by the reorganization committee
was voted upon. Since the argument of this motion the right of the
surviving members of this committee to vote as a committee upon
the stock held by them has been sustained by the court after a hear-
ing upon the merits of the questions presented by the order to show
cause, above referred to, and the injunction has been dissolved.
Haines v. Railway Co., 23 Misc. Rep. 605, 52 N. Y. Supp. 1061. I
think I should follow this determination and give it controlling ef-
fect on this motion. The holders of 60 per centum of the stock hav-
ing been prevented from participation in the election by the use of
the temporary injunction, which has since been dissolved, and the
control of the company having been obtained by a minority of the
stockholders by the use of such injunction alone, I think the election
should be set aside.

Motion to set aside election of directors granted, with $10 costs.
Motion granted, with $10 costs.